**Stella GIBSON, as widow of Thomas W. Gibson, Plaintiff-Appellant,**

v.

**ASARCO INCORPORATED, et al., Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Sept. 17, 1987.

Permission to Appeal Denied by Supreme Court Nov. 23, 1987.

David L. Buuck, Claiborne, Davis, Buuck & Burley, Knoxville, for plaintiff-appellant.

Wheeler W. Rosenbaum, Frantz, McConnell & Seymour, Knoxville, for defendants-appellees.

## OPINION

FRANKS, Judge.

Plaintiff appeals from the determination by the chancellor that plaintiff's deceased husband was not covered under an automatic joint and survivor annuity provision of ASARCO's pension plan.

Plaintiff is the widow of Thomas Gibson who, from March 8, 1937 until September 14, 1971 was employed by American Zinc Company in Mascot, Tennessee. On the latter date he became permanently and totally disabled and was never able to return to work.

On November 29, 1971, American Zinc Company sold its mining operations at the Mascot location to American Smelting and Refining Company (ASARCO). As a part of the purchase agreement, ASARCO agreed to administer the American Zinc retirement income plan and the trust funds of American Zinc were transferred to ASARCO and commingled with its retirement funds.

On May 31, 1972, deceased applied to ASARCO for permanent total disability benefits provided pursuant to the American Zinc Company retirement and disability plan. He was approved and received disability benefits until attaining age 65 on June 2, 1982. Disability payments terminated at age 65 and thereafter deceased received normal retirement benefits until his death on May 29, 1983.

The American Zinc retirement plan, by its express terms, covered employees through December 31, 1974. As of January 1, 1975, ASARCO amended its company-wide retirement plan to provide coverage for employees at the Mascot plant.

It is plaintiff's theory that while her deceased husband's disability benefits commenced under the American Zinc contract, his retirement benefits accrued under the subsequent ASARCO contract. Plaintiff argues her husband was, in effect, an employee of ASARCO at the closing of the acquisition, and was covered under the ASARCO pension plan at the time of his retirement in June, 1982. The latter plan provides, in accordance with ERISA,[1] an automatic joint and survivor annuity option.[2] Unless expressly declined, this op-

---

1. The Employee Retirement Income Security Act of 1974 (ERISA) requires that all pension or annuity plans must provide for an automatic joint and survivor annuity. Under ERISA an employee may deprive his spouse of survivor benefits only by expressly electing not to take a joint and survivor annuity. 29 U.S.C. § 1055.

2. The ASARCO pension and disability benefits agreement reads as follows:

1. An Employee may, subject to the provisions hereinafter set forth, receive in lieu of the normal or early basic retirement benefit, a reduced annuity of equivalent actuarial value in accordance with the following:

(a) A Joint and Survivor Annuity option under which a reduced annuity will be payable during his or her lifetime and one-half of such reduced annuity will continue to be payable

tion takes effect and results in a reduced payment of benefits to a retired employee in order to provide a continuation of pension benefits to a surviving spouse after the retiree's death.

Defendant insists that deceased was not covered by any ASARCO agreement since deceased was not an employee of ASARCO. The American Zinc plan required an employee to expressly elect a joint and survivor annuity benefit in writing before reaching retirement age of 65.[3] Since deceased failed to exercise his survivor benefit option according to the terms of the plan, defendant argues plaintiff is not entitled to receive any benefits.

The record establishes that ASARCO from the beginning of its takeover of operations treated deceased as one of its disabled employees. Closing documents of the purchase transaction reflect that credited employment service with American Zinc was transferred over to ASARCO for all former American Zinc employees to be used in establishing vested benefits upon retirement. Likewise, the documents provide for the "transfer of employees hereunder" and imply that all American Zinc employees at the Mascot plant were to become employees of ASARCO at closing. Additionally, all personnel documents subsequent to the takeover list ASARCO as the employer of deceased, and his separation notice filed with the Tennessee Department of Employment Security was executed in the name of ASARCO by an ASARCO official.

More importantly, it is clear by ASARCO's conduct and acts that it treated the deceased as one of its employees. The initial amended ASARCO plan of 1975, which included coverage for the Mascot plant, provided for increased monthly benefits to its present retirees and disabled employees, and it is undisputed by the parties that deceased received those increases in monthly benefits along with other retired or disabled employees of ASARCO.

While defendant argues deceased does not meet the definition of an eligible employee covered by the ASARCO agreements, it is well settled in this jurisdiction that the interpretation given a contract by the parties themselves as demonstrated by their acts will be adopted by the court. *Tennessee Enamel Mfg. Co. v. Stoves, Inc.*, 192 F.2d 863 (6th Cir.1951); *Bradford v. Crown-Bremson Industries, Inc.*, 255 F.Supp. 1009 (M.D.Tenn.1964); *Hamblen County v. City of Morristown*, 656 S.W.2d 331 (Tenn.1983); *Fidelity-Phenix Fire Ins. Co. v. Jackson*, 181 Tenn. 453, 181 S.W.2d 625 (1944) and *Womble et al. v. Walker, et al.*, 181 Tenn. 246, 181 S.W.2d 5 (1944).

As stated in *Robertson v. Lyons*, 553 S.W.2d 754 (Tenn.App.1977):

> The nature of the contract and the conduct of the parties in the particular transaction will govern their relationship regardless of words which might indicate the contrary. *Id.*, at 757.

ASARCO has treated the deceased as one of its employees and, under the foregoing authorities, cannot now inconsistently argue deceased is not defined as an employee within the pension contract. Since deceased did not retire until June, 1982, at which time the ASARCO retire-

---

after his or her death, to the spouse for life. (*This option will be deemed effective for married employees pursuant to paragraph (3), unless the Employee elects in writing not to take it* or elects to take the two-thirds option described in (b) below). [Emphasis added.]

**3.** The American Zinc Company pension plan agreement provided:

. . . . .

(b) To elect a joint and survivor annuity (or to change the contingent annuitant if he remarries), an employee shall designate his contingent annuitant on a form provided for the purpose and shall furnish to the Administrative Committee within 90 days thereafter, but not later than the date on which he shall retire, proof satisfactory to the Administrative Committee of the age of his spouse.

. . . . .

(d) To become effective, a joint and survivor annuity option must be elected within 9 months following the effective date of this amendment, or at least 18 months before age 65 or earlier retirement if he shall furnish evidence of good health satisfactory to the Administrative Committee.

ment income plan, in compliance with ERISA, provided for automatic joint and survivor annuity, the plaintiff is entitled to the survivor benefits.

The judgment of the chancery court is reversed and the cause remanded for entry of a judgment providing benefits to plaintiff, with costs incident to the appeal assessed to appellee.

SANDERS, P.J. (E.S.), and ANDERSON, J., concur.