IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

**January 3, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

EXPLOSIVE SPECIALISTS, INC.,   )    C/A NO. 03A01-9509-CH-00305
                                          )
        Plaintiff-Appellee,       )    KNOX CHANCERY
                                            )
v.                                    )    HON. H. DAVID CATE,
                                          )    CHANCELLOR
WHALEY CONSTRUCTION CO., INC., )
                                          )    AFFIRMED AND
        Defendant-Appellant.     )    REMANDED

HOWARD G. HOGAN, GRESHAM & HOGAN, Knoxville, for Plaintiff-Appellee.

RON CUNNINGHAM, FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, Knoxville, for Defendant-Appellant.

**O P I N I O N**

Franks. J.

    In this action, plaintiff was awarded judgment for work performed under a contract, and defendant has appealed, insisting that plaintiff did not perform in accordance with the agreement between the parties.

    The defendant hired plaintiff to blast the rock on the Goody's Family Clothing Project, near Interstate 40-75 in Knoxville, for $3.50 per cubic yard, with plaintiff supplying the powder and insurance and the defendant supplying the fuel

for the drills. There was no written contract, and plaintiff began blasting in mid-November 1988 and blasted until the end of December when plaintiff was terminated by defendant.

Essentially, the determinative issue on appeal was framed by the Trial Judge in his findings of fact:

> The dispute pertains to whether or not the plaintiff was required to furnish an end product, after blasting, of the rock the size of two feet in diameter or less. The plaintiff emphatically denies that this was the agreement, and says the rock, after blasting, was to be the size so it could be moved, and the defendant emphatically asserts that it was the agreement.

The Trial Court, after hearing the evidence, concluded:

> To determine what the contract was in this case the credibility of the witness becomes crucial.
>
> When the plaintiff's testimony evidence is considered in the light of the log book and other written evidence of the defendant, and the fact that the counter-claim appears to have arisen after the fact, the Court concludes that the plaintiff's version of the contract appears to be the correct version.

The plaintiff's evidence was to the effect that the contract did not require that the blasted rock had to be two feet or less and panable, while defendant's proof was that such was the agreement. The Trial Judge, in making his factual determination, relied heavily on the testimony of plaintiff's witnesses to that effect, and that defendant did not complain or protest the way and manner in which plaintiff was blasting the rock, which the Trial Court found was corroborated by the log book and other written evidence of the defendant, i.e., no notation of any complaint about plaintiff's performance.

The familiar rule requiring no citation is that appellate courts generally defer to the Trial Court's

2

determination of the credibility of the witnesses. We find nothing in this record that would require any deviation from the rule in this case. The Trial Court observed the demeanor of the witnesses and heard the testimony, and was in a better position than this Court to evaluate the respective witnesses' credibility.

Defendant's principal argument on appeal, as stated in its brief is:

> It is the position of defendant that reasonably prudent businessmen in the blasting and site preparation and construction industry would never enter into an agreement to drill, shoot, and transport rock to a controlled fill area without requiring that the rock fragments comply with the custom of the industry for a controlled fill area, i.e., to be two feet or less in diameter.

The defendant did offer evidence that this was the custom in the industry, and insists that the contract should be determined, taking into account the custom and usage of the trade, citing *Beaty Chevrolet, Inc. v. Complete Auto Transit, Inc.*, 586 S.W.2d 122 (Tenn. App. 1979); *J. Avery Bryan, Inc. v. Hubbard,* 225 S.W.2d 282 (Tenn. App. 1949). The legal position advanced is sound, however, this evidence was disputed by plaintiff's expert witness.

Plaintiff offered the testimony of an expert experienced in blasting, who testified in pertinent part:

> Q. Assuming that you have a contract to blast the rock that we found out here, and we're talking about at the Goody's site to two-foot or less, would you have used the pattern, and the amount of dynamite, and the stemming that Explosive Specialists used?
>
> A. Well, if I knew that my requirement was two-foot or less, then I probably would of had to adjust my -- maybe I'd had to -- I would of probably started with that pattern. And I may of had to adjust the stemming, and adjust it in

3

terms of: Can I get by with a little less stemming, and a little more powder, and not throw rock. And it's going to be a balance. Just like -- just like Mr. Clark said. It's a critical area out there.

Q. But would you have been capable of doing it, blasting that rock?

A. Sure. Absolutely. One of the requirements on one of our recent jobs, like I was telling you, at the airport. They had a requirement not two-foot, but down to twelve-inches for fill rock.

Q. For fill rock?

A. I don't think this two-foot is necessarily a universal standard thing anybody can shoot. It just depends on the job. And some jobs I've seen were acceptable for a four-footer, or even larger rock, is acceptable.

We conclude the Trial Judge properly evaluated the evidence before him. He passed on the credibility of the witnesses and found from defendant's written documentation that defendant, during plaintiff's performance, did not object to plaintiff's performance. Interpretation of a contract by the parties as shown by their acts may be adopted by the Court in establishing the terms of the contract. *Hamblen County v. City of Morristown*, 656 S.W.2d 331 (Tenn. 1983). The Court's determination of the contract between the parties comes to us with a presumption of correctness, unless the evidence preponderates otherwise. T.R.A.P. Rule 13(d). We affirm the judgment.

Defendant's counter-claim for additional expenses incurred was contingent upon a finding that plaintiff had breached the contract, and we find defendant's appeal on this issue to be without merit.

Plaintiff seeks to recover costs, interest and

4

expenses on the authority of Tennessee Code Annotated §27-1-122 on the ground that the appeal was frivolous. We cannot agree.

The judgment of the Trial Court is affirmed, with costs assessed to appellant, and the cause remanded.

_____
Herschel P. Franks, J.

CONCUR:


_____
Don T. McMurray, J.



_____
Clifford E. Sanders, Sr.J.

5