**Brad RAINEY, Plaintiff–Appellee,**

v.

**Stephen STANSELL, Defendant– Appellant.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Jan. 16, 1992.

Application for Permission to Appeal Denied by Supreme Court July 20, 1992.

Larry E. Parish, Memphis, for plaintiff-appellee.

Robert F. Miller, James M. Guill, Memphis, for defendant-appellant.

CRAWFORD, Judge.

This is an interlocutory appeal granted to both parties from the orders of the trial court denying their respective motions for summary judgment.

On September 27, 1987, plaintiff, Brad Rainey, (Purchaser) entered into a contract with defendant, Stephen Stansell, (Seller) for Rainey to purchase approximately 33 acres of land in Shelby County for $400,-000. The contract provided in part:

\* \* \* \* \* \*

3. This contract is contingent upon Purchaser obtaining adequate financing within 75 days from the date this contract is executed by all parties. If Purchaser cannot so procure such financing, this contract shall become null and void, and the earnest money shall be returned to Purchaser. If such financing is *so* procured, Purchaser shall give Welch Realty Company written notice to such effect, and then this contingency shall be deemed removed herefrom. (Emphasis added.)

\* \* \* \* \* \*

The 75 days provided for in the above quoted part of the contract expired December 11, 1987, and Rainey had not, at that time, given any written notice that "adequate financing" had been procured. The parties apparently dispute whether "adequate financing" had been procured by Rainey within the 75 day period because of their dispute as to the definition of "adequate financing." There is no dispute, however, that Rainey did not give the written notification required by the quoted contract provision within the 75 day period.

Both parties adamantly maintain that this is a case for summary judgment and that a decision for one or the other party depends entirely upon the construction of the above-quoted contract provision. Applications for interlocutory appeal were granted on this premise.

■ The interpretation of a written agreement is a matter of law and not of fact. *APAC–Tennessee, Inc. v. J.M. Humphries Const. Co.*, 732 S.W.2d 601 (Tenn. App.1986). Therefore, our scope of review is *de novo* on the record with no presumption of correctness of the trial court's conclusions of law. See *Adams v. Dean Roofing Co.*, 715 S.W.2d 341 (Tenn.App.1986).

■ The cardinal rule for interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention consistent with legal principles. *Bob Pearsall Motors, Inc. v. Regal Chrys-*

ler–Plymouth, Inc., 521 S.W.2d 578 (Tenn. 1975). A primary objective in the construction of a contract is to discover the intention of the parties from a consideration of the whole contract. *Mckay v. Louisville & N.R. Co.*, 133 Tenn. 590, 182 S.W. 874 (1916); *Burns v. Temperature Control Co.*, 52 Tenn.App. 51, 371 S.W.2d 804 (1962). In construing contracts, the words expressing the parties' intentions should be given their usual, natural and ordinary meaning, *Taylor v. White Stores, Inc.*, 707 S.W.2d 514 (Tenn.App.1985), and neither party is to be favored in the construction. *Ballard v. North American Life Ins. Co.*, 667 S.W.2d 79 (Tenn.App.1983).

The court, at arriving at the intention of the parties to a contract, does not attempt to ascertain the parties' state of mind at the time the contract was executed, but rather their intentions as actually embodied and expressed in the contract as written. *Petty v. Sloan*, 197 Tenn. 630, 277 S.W.2d 355 (1955); *Sutton v. First Nat'l Bank of Crossville*, 620 S.W.2d 526 (Tenn.App.1981). All provisions of a contract should be construed as in harmony with each other, if such construction can be reasonably made, so as to avoid repugnancy between the several provisions of a single contract. *Bank of Commerce & Trust Co. v. Northwestern Nat'l. Life Ins. Co.*, 160 Tenn. 551, 26 S.W.2d 135, 68 A.L.R. 1380 (1930).

Summary judgment is to be rendered by a trial court only when it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R.Civ.P. 56.03. A motion for summary judgment can provide a quick and inexpensive means to dispose of cases where only legal questions, and not material facts, are at issue. *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547 (Tenn. 1981); *Ferguson v. Tomerlin*, 656 S.W.2d 378 (Tenn.App.1983).

The parties sharply contest the legal construction of the contract clause in question. Rainey asserts that the proper construction of the contract provision is that the determination of whether he has "adequate financing" is a subjective test for him and him alone to determine and that the contract provision does not require that he give notice of having procured adequate financing within the 75–day period. He contends, therefore, that when he gave the notice subsequent to the 75–day period the contract was in full force and effect and that the failure of the defendant to perform is a breach of the contract.

On the other hand, Stansell contends that the proper construction of the contested clause is that "adequate financing" means that Rainey must procure a legally binding loan commitment or in some other manner prove that he had adequate resources to provide the funds to purchase the property. Stansell also contends that the contract requires that in order to remove the contingency the written notification provided for must be given within the 75–day period.

Both parties are partially correct in their assertions, but in our opinion neither party has correctly interpreted the contract provision in question. We do not find the contract provision ambiguous, and, giving the words of the contract their usual and ordinary meaning and viewing the contract as a whole, we believe the intention of the parties is clearly expressed.

Obviously, the parties intended for there to be a contingency. The sale price of $400,000 was the only "adequate financing" which would satisfy Seller. There was no provision in the contract making the contract contingent on Rainey obtaining a loan in that amount or any other amount. Instead, the parties chose the language "adequate financing." Obviously, "adequate financing" presents a subjective test to be determined only by the person who is required to have the financing. What is adequate for one person may not be adequate for another. Giving the language of the clause its usual and ordinary meaning, it is obvious that the parties intended from the language used that Rainey was to be given 75 days to determine whether he could, as the saying goes, "put his ducks in a row" to swing the deal. It is equally obvious that Stansell did not intend to be left in the dark concerning Rainey's

subjective decision as to whether he had adequate financing. The clause is explicit: if the financing is not procured within the 75 days, the contract is null and void; if the financing is *"so* procured" the purchaser is required to give the written notice to that effect in order to remove the contingency. (Emphasis added.) This clause must be construed with the other provisions of the contract which require Seller to make various improvements on the property prior to the closing which was to be no later than February 28, 1988. All of these improvements required the expenditure of much effort and time in order for them to be completed. The only way that Stansell could know one way or the other that the contingency had been removed and that the contract was viable is by the written notification. Construing the contract as a whole, it appears to this Court that the parties intended that a lack of written notification within 75 days was tantamount to a decision by Rainey that he had not obtained "adequate financing," rendering the contract null and void.

It is uncontroverted that Rainey did not give written notice within 75 days that adequate financing had been procured. Therefore, there was no procurement of adequate financing as contemplated by the contract, and the contingency in the contract was not removed. Accordingly, Seller could not have breached the contract and summary judgment should have been rendered for him.

The order of the trial court denying summary judgment to defendant, Stansell, is vacated, summary judgment is entered for defendant, and plaintiff's suit is dismissed. The order denying plaintiff's summary judgment is affirmed. Costs of the appeal are assessed against the plaintiff, Rainey, and the case is remanded to the trial court for such further proceedings as may be necessary.

HIGHERS and FARMER, JJ., concur.