# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**March 12, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

DAVID G. KNOBLE, JR. and )
SUZANNE E. KNOBLE )
                                                  )
    Plaintiffs/Appellees, )
                                                  )   Appeal No.
                                                  )   01-A-01-9803-CH-00153
                                                  )
VS. )
                                                  )   Davidson Chancery
                                                  )   No. 97-890-I
                                                  )
JOSEPH M. TAYLOR, )
                                                  )
    Defendant/Appellant. )

## APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY AT NASHVILLE, TENNESSEE

### THE HONORABLE IRWIN H. KILCREASE, JR., CHANCELLOR

JAMES D. KAY, JR.
JOHN B. ENKEMA
Suite 340M, Washington Square Two
Nashville, Tennessee 37201

Attorneys for Plaintiffs/Appellees

PAUL R. WHITE
ROBERT W. RUTHERFORD
Rutherford, DeMarco, White & Soloman
Suite 400, Washington Square
214 Second Avenue North
Nashville, TN 37201

Attorneys for Defendant/Appellant

## AFFIRMED AND REMANDED

PATRICIA J. COTTRELL, JUDGE

CONCUR:
KOCH, J.
CAIN, J.

# OPINION

This appeal involves a dispute over a contract for the sale of real property in Davidson County. The Seller appeals from a trial court decision granting summary judgment to the Buyers for specific performance of the contract. We affirm the trial court.

The parties entered into a contract on November 22, 1996, for a house and lot in Davidson County, Tennessee. Appellant, Mr. Taylor, was the Seller, and Appellees, Mr. And Mrs. Knoble, were the Buyers. The parties executed a standard form contract, but added an Addendum, the effect of which is the basis of the dispute herein. That Addendum states:

> If Buyers are unable to assume first mortgage held by American Home Funding, Buyers will secure other financing within 60 days of the date of contract and close sale within that period. Buyers will continue to pay Seller $554.94 per month until sale closes.

The main body of the contract itself included language that, "the sale will be closed on January 25, 1997, or as soon thereafter as possible."

The Buyers moved into the house on December 9, 1996, and paid rent. No closing took place by January 21, 1997 or by January 25, 1997. A closing was set for February 21, 1997, and the Buyers executed various documents at that time, including documents necessary to assume the mortgage from American Home Funding. The Seller did not attend the "closing" and took the position that the contract was no longer in effect since the sale had not closed on January 21, 1997.

Apparently, a number of conversations took place between the Buyers and Seller during January and February 1997. There are a number of factual disputes

about these conversations.[1] However, those disputed facts are not material to the determinative issue in this appeal.

Essentially, the parties disagree as to the meaning and effect of the Addendum quoted above. The Seller contends that the Addendum was intended to set a date certain, January 21, 1997, within which, under any contingency, the sale would close. On the other hand, the Buyers assert that the language in the main body of the contract, "the sale will be closed on January 25, 1997, or as soon thereafter as possible," controls. They further submit that the Addendum language referencing 60 days from the date of the contract was not triggered since they were not "unable to assume first mortgage held by American Home Funding."

In this litigation brought by Buyers seeking specific performance, the Seller moved for summary judgment on the basis that the Buyers had failed to close the contract within sixty (60) days of execution of the contract. By Order entered January 21, 1998, the trial court denied the Seller's Motion for Summary Judgment. The Buyers then moved for summary judgment on the basis that they were prepared to close as soon as possible after January 25, 1997. By Order entered February 20, 1998, the trial court granted summary judgment in favor of the Buyers, ordered specific performance of the Contract and awarded attorneys' fees and costs. By Order entered March 2, 1998, the trial court entered final judgment ordering that the closing occur and awarding attorney's fees in the amount of $8,253.50.

Seller does not argue that Buyers breached the closing obligation in the

---

[1] Since this matter was decided on a motion for summary judgment, there is no trial transcript. No deposition transcripts are available, and no statement of evidence was approved by the trial court. All factual information available to this court is found in the pleadings and in affidavits submitted in relation to the dispositive motions filed by both parties.

main body of the contract. In other words, he does not assert that it was possible for the Buyers to close the transaction sooner than February 21, 1997. Therefore, this Court is not presented with any issue of whether the Buyers breached the contract term requiring them to close the sale "on January 25, 1997, or as soon thereafter as possible."

Rather, Seller rests his entire claim on an argument that he intended through the Addendum to set a date certain, 60 days from the execution of the contract, January 21, 1997, for the closing. It is his position that the Addendum accomplishes that intent and, since no closing occurred by January 21, 1997, the contract was not enforceable by the Buyers after that date.

Thus, the initial issue to be addressed by this Court is the meaning and effect of the Addendum. As noted above, this case was determined by the grant of summary judgment. Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56. The purpose of summary judgment is to resolve controlling issues of law. *Byrd v. Hall*, 847 S.W.2d 208, 216 (Tenn. 1993), *Bellamy v. Federal Express Corp.*, 749 S.W.2d 31, 33 (Tenn. 1988) (citations omitted). Summary judgment "is an efficient means to dispose of cases whose outcome depends solely on the resolution of legal issues." *Byrd v. Hall* at 216, quoting *Rollins v. Winn Dixie*, 780 S.W.2d 765, 767 (Tenn. App. 1989).

It is well settled that the interpretation of a written agreement presents a question of law and not of fact. *Rainey v. Stansell*, 836 S.W.2d 117 (Tenn. App. 1992); *APAC-Tennessee, Inc. v. J.M. Humphries Const. Co.*, 732 S.W.2d 601 (Tenn. App. 1986). If a contract is plain and unambiguous, the meaning thereof is a question of law for the court. *Warren v. Metro*, 955 S.W.2d 618 (Tenn. App.

4

1997); *Petty v. Sloan*, 197 Tenn. 630, 277 S.W.2d 355 (1955). Thus, the meaning of the Addendum is an issue to be determined by the Court, as a matter of law, and is the proper subject of a summary judgment motion.

Seller's interpretation of the Addendum is "that if the Buyers are unable to assume the first mortgage held by American Home Funding (and by inference close the sale by signing that assumption) then they will secure other financing and, in any event, close the sale within sixty-days of the initial date of the contract." Based upon this interpretation, Seller submits he was entitled to summary judgment. Seller's interpretation, however, is rebutted by the plain language of the Addendum itself. By its terms, the Addendum became effective only "If Buyers are unable to assume first mortgage held by American Home Funding." This phrase defines the situation or contingency to which the remainder of the provision applies. This delineation of the one specific situation in which the Addendum applies negates Seller's contention that it applies in all contingencies and "in any event."

When interpreting a contract, courts will enforce the contract as written, according to its plain terms. *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*, 521 S.W.2d 578, 580 (Tenn. 1975); *Warren v. Metro*, 955 S.W.2d 618. We interpret the plain terms of the Addendum to mean that the sixty-day closing requirement only applies to the situation where the Buyers are unable to assume the existing first mortgage. The rights of the parties to a contract are determined by what they have put into their agreement. *Cookeville P.C. v. Southeastern Data System*, 884 S.W.2d 458 (Tenn. App. 1994). The provision included by the parties in the Addendum did not alter the closing date provision in the contract in any situation other than that described.

In addition to his argument based on the Addendum's language, the Seller

5

also maintains that the language of the Addendum and the entire contract must be interpreted in light of his intent (to establish a date certain for closing) and in light of certain facts surrounding the drafting of the Addendum.[2] Seller submits that summary judgment for the Buyers was not appropriate because of the existence of genuine and material issues of disputed fact which he identifies as: the meaning of and purpose for the Addendum.

The court, in arriving at the intention of the parties to a contract, does not attempt to ascertain the parties' state of mind at the time the contract was executed, but rather their intentions as actually embodied and expressed in the contract as written. *Rainey v. Stansell*, 836 S.W.2d 117 (Tenn. App. 1992); *Petty v. Sloan*, 197 Tenn. 630, 277 S.W.2d 355 (1955). We find the terms of the Addendum and contract to be a plain and unambiguous expression of the parties' intent. No further examination of intent is warranted. Further, the interpretation of the Addendum is a question of law, not fact, so the meaning of that provision is not a disputed fact.

Having determined, as a matter of law, the meaning of the Addendum, application of the facts will determine its effect. The material and undisputed fact is that the Buyers were able to assume the first mortgage on the house held by American Home Funding and were prepared to close the purchase on February 21, 1997. Buyers have submitted undisputed proof they were, in fact, able to assume the mortgage. Therefore, the Addendum, including its sixty-day provision, was never triggered.

The contract required closing on January 25, 1997, or as soon thereafter

---

[2] The Seller maintains those facts were partially established by Buyers' failure to deny some requests for admission. Whether all requests were timely denied and the effect of the Buyers' responses are disputed. However, since we find it unnecessary to look beyond the plain language of the contract, those disputes are immaterial.

as possible. As discussed above, Seller has not argued that it was possible for the Buyers to close before February 21,1997, the date the Buyers executed documents in performance of their obligation to close the sale.

We find the Buyers were entitled to enforce the contract for the purchase/sale of the real property. Therefore, we affirm the judgment of the trial court and remand this matter for any further proceedings which may be necessary. Costs are taxed to the Appellant.

_____
PATRICIA J. COTTRELL, JUDGE

CONCUR:

_____
WILLIAM C. KOCH, JUDGE


_____
WILLIAM B. CAIN, JUDGE