IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2001 Session

## JOHN PITT, II d/b/a PITT EXCAVATING v. TYREE ORGANIZATION LIMITED and DOUG SUESS d/b/a DOUG SUESS CONCRETE

A Direct Appeal from the Chancery Court for Davidson County
No. 00-1766-I     The Honorable Irvin H. Kilcrease, Jr., Chancellor

No. M2001-00115-COA-R3-CV - Filed February 28, 2002

This is a declaratory judgment action involving the interpretation and application of an indemnification provision contained in a construction contract. Defendant, Doug Suess d/b/a Doug Suess Concrete (hereinafter "Suess"), appeals from the final order of the trial court granting summary judgment to both plaintiff, John Pitt, II d/b/a Pitt Excavating (hereinafter "Pitt") and defendant, Tyree Organization Limited (hereinafter "Tyree"). We reverse.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY KIRBY LILLARD, J., joined.

Tom Corts, Nashville, For Appellant, Doug Suess d/b/a Doug Suess Concrete

Reid D. Leitner, Nashville, For Appellee, John Pitt, II, d/b/a Pitt Excavating

Robert Orr, Jr., Nashville, For Appellee, Tyree Organization Limited

### OPINION

In May of 1999, the general contractor, Tyree, began the construction of an Exxon "Tiger Market" gas station for the owner, Exxon Corporation. The construction site was located at 340 Harding Place, Nashville, Tennessee. In connection with the construction project, Pitt signed a sub-contract presented by Tyree for performance of certain excavating work at the construction site. Likewise, Suess signed a sub-contract presented by Tyree for performance of certain concrete work at the construction site. Both sub-contracts presented by Tyree contain an identical indemnification provision which provides:

> 12.     Indemnification.  Subcontractors agrees, (sic) to the fullest

extent permitted by law, to defend, indemnify and hold harmless, the Contractor (including the affiliates, parents and subsidiaries, their agents and employees) and other Contractors and Subcontractors and all of their agents and employees and when required by the Contractor, by the Contractor documents, the Owner, the Architects' consultants, agents and employees from and against all claims, lawsuits, damages, loss and expenses, including but not limited to attorney fees, rising out of or resulting from the performance of the Subcontractor provided that:

(a) Any such claim, lawsuit, damage, loss, or expense is attributable to bodily injury, sickness, disease, or death, or to injury to or destruction of tangible property (other than the Subcontractor's work itself) including the loss of use resulting therefrom, to the extent caused or alleged to be caused in whole or part by any negligent act or omission of the Subcontractor or anyone directly or indirectly employed by the Subcontractor or for anyone for whose act the Subcontractor may be liable, regardless of whether it is caused in part by a party indemnified hereunder; and

(b) Any such obligation shall not be construed to negate, abridge, or otherwise reduce any other right or obligation of indemnity which would otherwise exist as to any party or person described in this agreement.

According to Pitt's petition for declaratory judgment, on August 16, 1999, Suess suffered personal injuries while on the construction site when an excavator operated by Pitt backed over him. On February 1, 2000, Suess filed a personal injury complaint in the Circuit Court for Davidson County, Tennessee against the following defendants: Jesse Brogdon, the alleged driver of the excavator and an employee of Pitt; Pitt; Tyree and Exxon Corporation. In his complaint, Suess seeks damages for the personal injuries he suffered as a result of the defendants' alleged negligence and recklessness. All of the defendants filed answers to Suess's personal injury complaint alleging that Suess caused his own injuries for which damages are claimed in the personal injury action. By letter dated February 8, 2000, counsel for Tyree demanded that Pitt assume Tyree's defense in Suess's personal injury action and indemnify Tyree in accordance with the indemnification provision above which is contained in the sub-contract between Pitt and Tyree. Furthermore, by letter dated May 26, 2000, counsel for Pitt tendered the defense of Suess's personal injury action to Suess and demanded indemnification with respect to all claims in Suess's personal injury lawsuit pursuant to the indemnification provision above which is contained in the sub-contract between Suess and Tyree.

The petition for declaratory judgment further provides in pertinent part:

22. Without admitting the formation or the enforceability of any terms of the purported Tyree/Pitt subcontract, or that any work which Pitt Excavating performed on August 16, 1999, was performed pursuant to the purported Tyree/Pitt subcontract, Pitt Excavating avers that an actual and justiciable controversy exists between Pitt Excavating and Tyree with regard to the enforceability of the purported Tyree/Pitt indemnification provision.

23. To the extent that the purported Tyree/Pitt indemnification provision may be determined to be enforceable, Pitt Excavating avers that an actual and justiciable controversy exists between Pitt Excavating and Doug Suess Concrete with regard to the issue whether Pitt Excavating is a third-party beneficiary indemnitee under the Tyree/Suess indemnification provision by which Pitt Excavating is entitled to a defense and indemnification in this action by Doug Suess Concrete.

\*   \*   \*

25. Pursuant to Tenn. Code Ann. § 29-14-101 et seq., an actual and justiciable controversy exists regarding the purported Tyree/Pitt indemnification provision in view of the (sic) Tyree's demand to Pitt Excavating for indemnification regarding the losses resulting from the subject incident of August 16, 1999. Accordingly, Plaintiff respectfully requests that the Court enter an order to declare as follows:

    A.    That the purported Tyree/Pitt indemnification provision is void and unenforceable because it can be construed to purport to indemnify Tyree for its sole negligence, in violation of Tenn. Code Ann. § 62-6-123; and/or

    B.    That the purported Tyree/Pitt indemnification provision is void and unenforceable because the contractual language concerning indemnification is unclear and equivocal.

\*   \*   \*

27. In the alternative, should the Court determine the purported Tyree/Pitt indemnification provision to be enforceable, the Plaintiff would alternatively aver that pursuant to Tenn. Code Ann. § 29-14-101 et seq., an actual and justiciable controversy exists regarding the Tyree/Suess indemnification provision in view of Pitt Excavating's demand to Suess Concrete for indemnification regarding the losses resulting from the subject incident of August 16, 1999. Accordingly, Plaintiff would respectfully request that the Court enter an order to declare as follows:

    A.    That the Tyree/Suess indemnification provision is enforceable;

    B.    That John Pitt, II d/b/a Pitt Excavating in (sic) an intended third-party beneficiary indemnitee of the Tyree/Suess indemnification provision; and

    C.    That under the Tyree/Suess indemnification provision, Doug Suess Concrete is required to assume the defense and indemnify John Pitt, II d/b/a Pitt Excavating with regard to the claims against Pitt Excavating in the personal injury lawsuit styled <u>Doug Suess v. Jesse Brogdon, John Pitt, II d/b/a Pitt Excavating Company, Tyree Organization Limited, and Exxon Corporation</u>, Davidson County Circuit Court No. 00C-288.

On July 6, 2000, Pitt moved for partial summary judgment in the declaratory judgment action and on July 18, 2000, Suess filed an answer to Pitt's petition for declaratory judgment which provides in pertinent part:

AFFIRMATIVE DEFENSE

1. The Defendant Suess agrees with the position of Pitt Excavating insofar as the indemnification provision which exists between Tyree and Pitt and Tyree and Suess. Suess agrees that such indemnification provision is unenforceable against Suess/Pitt for the reasons set forth in paragraph 25 of the Petition.

2. The Defendant Suess denies that the indemnification provision in question would require Suess to assume the defense and indemnify

-4-

Pitt d/b/a Pitt Excavating even if the indemnification provision in favor of Tyree is found to be enforceable.

Tyree's answer to the petition for declaratory judgment denies the material allegations, and includes a cross-claim against Suess which provides in pertinent part:

> WHEREFORE, TYREE, having responded to the Petition for Declaratory Judgment, filed against it by PITT, and having asserted its own Petition against SUESS, prays that the Court, following presentation of evidence and argument of counsel, enter an Order determining and holding:
>
> (a) That the subcontract between TYREE and PITT and attached as Exhibit 1 to the Petition was and is valid and enforceable as of the date of the injury to DOUG SUESS;
>
> (b) That the indemnity provisions of said subcontract do not contravene and are not voided or otherwise affected by T.C.A. § 62-6-123;
>
> (c) That the language and wording of the indemnity provisions of said subcontract are not unclear, ambiguous, or equivocal or subject to more than one meaning or interpretation; and,
>
> (d) That PITT must come in and defend and hold TYREE harmless from any verdict or judgment, including attorneys fees and expenses, which may be entered in the underlying tort litigation brought by DOUG SUESS and arising out of his injuries of August 16, 1998.
>
> TYREE, further, prays that the Court enter an Order determining and holding:
>
> (a) That the subcontract between TYREE and SUESS and attached as Exhibit A to the Cross-Petition was and is valid and enforceable as of the date of the injury to DOUG SUESS;
>
> (b) That the indemnity provisions of said subcontract do not contravene and are not voided or otherwise affected by T.C.A. § 62-6-123;
>
> (c) That the language and wording of the indemnity provisions of said subcontract are not unclear, ambiguous, or equivocal or subject to more than one meaning or interpretation; and,

(d) That SUESS must come in and defend and hold TYREE harmless from any verdict or judgment, including attorneys fees and expenses, which may be entered in the underlying tort litigation brought by DOUG SUESS and arising out of his injuries of August 16, 1998.

Suess filed an answer to Tyree's cross-claim on July 27, 2000, which provides in pertinent part:

7. Cross-Claimant Suess specifically alleges that the indemnity agreement in question does not require Suess to defend, hold harmless and indemnify Tyree. The agreement did not contemplate that the injury would be to Doug Suess. Further, Suess denies that the claim arose out of any negligence or fault on the part of Suess. Further, Suess alleges that the indemnity provision is void or voidable as set forth by Pitt in the original Petition.

On August 14, 2000, Tyree moved for summary judgment arguing that Tenn. Code Ann. § 62-6-123 does not apply to the indemnity provision and that it is valid and enforceable as against Pitt. On September 12, 2000, Pitt filed a second motion for summary judgment which provides that Suess must indemnify and hold harmless Tyree with regard to his own claim; that Suess has waived any right of action against Tyree; that Suess must indemnify and hold harmless Pitt as an intended third-party beneficiary indemnitee; and that Suess has waived any right of action against Pitt. On October 3, 2000, Tyree filed its second motion for summary judgment, joining in with Pitt's second motion for summary judgment against Suess, arguing that "under the subcontract entered into between TYREE and SUESS, SUESS contractually agreed to defend, indemnify, and hold TYREE harmless with regard to the claims of SUESS arising out of personal injuries he suffered in an accident which occurred on August 16, 1999."

By order dated October 25, 2000, the trial court ruled on the cross-motions for summary judgment pertaining only to Pitt and Tyree. The order provides in pertinent part:

The Court, having reviewed the Indemnification Agreement in detail, having considered the claims of the parties in their briefs and in the cases cited, and having considered arguments of counsel, the Court is of the opinion that Paragraph 12 of the contract, the Indemnification Agreement, does not violate T.C.A. § 62-6-123. Furthermore, the Court is of the opinion that the Indemnification Agreement is not ambiguous. Having found that the Indemnification Agreement is not ambiguous, the Court need not construe the contract. Rather, it is the duty of the Court to order that the contract be enforced as written.

The Court being of the opinion that this Indemnification paragraph is valid and enforceable as to the parties involved, accordingly, the Motion for Summary Judgment of Pitt is denied and the Cross-Motion for Summary Judgment of Tyree is granted.

WHEREFORE, it is ORDERED, ADJUDGED, AND DECREED that Pitt will indemnify Tyree for all damages with respect to the underlying tort action in the Circuit Court.

Suess's response to the summary judgment motions filed against him by both Pitt and Tyree provides in pertinent part:

Doug Suess d/b/a Doug Suess Concrete (hereinafter referred to as "Suess") states that he does not dispute any of the facts set forth in either Pitt's First Motion for Summary Judgment or Pitt's Second Motion for Summary Judgment. Based upon these undisputed facts, the Court should conclude that there is no obligation by Suess to indemnify either Pitt or Tyree.

This Court has already held that the indemnity provision in question does require Pitt to indemnify and hold Tyree harmless for the claim made and Complaint filed by Suess against Pitt, Tyree and others. This is a reasonable and logical interpretation of such a provision.

The issue before the Court now is whether Suess, the injured party, who brings the claim and files the lawsuit against Pitt, Tyree and others should also have to indemnify and hold harmless Tyree and/or Pitt. The answer is unequivocally "no" for several very logical reasons.

\* \* \*

A reasonable interpretation of this contract and of this particular provision requires a subcontractor to indemnify the general contractor if the subcontractor's fault results in a bodily injury to someone other that [sic] subcontractor and a claim is made or a lawsuit filed against that subcontractor or general contractor in which damages are being sought because of that fault. Again, no such "claim" or "lawsuit" has been filed against Suess seeking damages for any bodily injury. Thus, there is clearly no "claim" or "lawsuit" which triggers any obligation on behalf of Suess to indemnify anyone.

By final order of declaratory judgment dated November 20, 2000, the trial court granted the summary judgment motions of both Tyree and Pitt. The final order provides:

This cause came to be heard on November 3, 2000, upon the second summary judgment motion of the Plaintiff, John Pitt, II d/b/a Pitt Excavating Company, and the second summary judgment motion of the Defendant, Tyree Organization Limited; and it appearing to the Court that the indemnification and hold harmless provision contained in Section 12 of the contract between Tyree Organization Limited and the Defendant, Doug Suess d/b/a Suess Concrete, is clear and unambiguous; and in consideration of the pleadings, exhibits, and evidence presented to the Court with regard to said motions, the arguments of counsel, and the entire record in this case, the Court finds the second summary judgment motion of Pitt Excavating and the second summary judgment motion of Tyree Organization to be well taken;

It is therefore ORDERED, ADJUDGED, AND DECREED that the second summary judgment motion of John Pitt, II d/b/a Pitt Excavating Company be and hereby is granted;

It is therefore, ORDERED, ADJUDGED, AND DECREED that the second summary judgment motion of Tyree Organization Limited be and hereby is granted;

It is further DECLARED and ORDERED that the indemnification provision contained in Section 12 of the subcontract between Tyree Organization Limited and Doug Suess d/b/a Suess Concrete is valid and enforceable.

It is further DECLARED and ORDERED that under the indemnification provision contained in Section 12 of the subcontract between Tyree Organization Limited and Doug Suess d/b/a Suess Concrete, Doug Suess d/b/a Suess Concrete contractually agreed to defend, indemnify, and hold harmless the Tyree Organization Limited, and all of its contractors and subcontractors, as well as their representatives and employees, with regard to any claims, actions, and/or lawsuits of Doug Suess d/b/a Suess Concrete for personal injuries in connection with the subject incident which occurred on August 16, 1999;

It is further DECLARED and ORDERED that under the indemnification provision contained in Section 12 of the subcontract between Tyree Organization Limited and Doug Suess d/b/a Suess Concrete, Doug Suess d/b/a Suess Concrete is obligated to indemnify Tyree Organization Limited, as well (sic) its representatives and employees, with regard to all litigation concerning the subject incident which occurred on August 16, 1999, in which Doug Suess was injured;

It is further DECLARED and ORDERED that Doug Suess d/b/a Suess Concrete is liable for, and is hereby ordered to pay all attorneys' fees, expenses, and costs incurred or which may be incurred by Tyree Organization Limited, as well (sic) its representatives and employees, with regard to litigation concerning the subject incident which occurred on August 16, 1999, in which Doug Suess was injured;

It is further DECLARED and ORDERED that Doug Suess d/b/a Suess Concrete has waived any right of action against, and has released Tyree Organization Limited, as well (sic) its representatives and employees, from all claims, actions, and/or lawsuits arising from or in connection with the subject injury of August 16, 1999, in which Doug Suess was injured;

It is further DECLARED and ORDERED that under the indemnification provision contained in Section 12 of the subcontract between Tyree Organization Limited and Doug Suess d/b/a Suess Concrete, Doug Suess d/b/a Suess Concrete is obligated to indemnify John Pitt, II d/b/a Pitt Excavating Company, as well (sic) his representatives and employees, including, but not limited to, Jesse Brogdon, with regard to all litigation concerning the subject incident which occurred on August 16, 1999, in which Doug Suess was injured;

It is further DECLARED and ORDERED that Doug Suess d/b/a Suess Concrete is liable for, and is hereby ordered to pay, all attorneys' fees, expenses, and costs incurred or which may be incurred by John Pitt, II d/b/a Pitt Excavating Company, as well (sic) his representatives and employees, including, but not limited to, Jesse Brogdon, with regard to litigation concerning the subject incident which occurred on August 16, 1999, in which Doug Suess was injured.

It is further DECLARED and ORDERED that Doug Suess d/b/a Suess Concrete has waived any right of action against, and has released John Pitt, II d/b/a Pitt Excavating Company, as well (sic) his representatives and employees, including, but not limited to, Jesse Brogdon, from all claims, actions, and/or lawsuits arising from or in connection with the subject injury of August 16, 1999, in which Doug Suess was injured;

It is further DECLARED and ORDERED that all issues joined in this action have now been adjudicated;

It is further ORDERED that the court costs be taxed against the Defendant, Doug Suess d/b/a Suess Concrete, for which execution may issue if necessary.

On December 4, 2000, Suess filed a motion to alter or amend the final order of declaratory judgment which was denied by order dated December 29, 2000. Suess appeals and presents the following two (2) issues for review as stated in his brief:

1. Whether or not indemnity language contained in a construction contract requires Doug Suess, an individual sole proprietor, who was injured on the job, to indemnify Tyree, the general contractor, and Pitt, a fellow subcontractor for all expenses and liability resulting from Suess bringing a claim for his own bodily injury against Tyree and Pitt.

2. Whether or not by signing the construction contract, Doug Suess waived his right to bring an action for negligence or recklessness against Tyree, the general contractor, and Pitt, a fellow sub-contractor.

The appellee, Pitt, raises the following five (5) issues for review as stated in Pitt's brief:

I. Whether this court should consider the issues whether the indemnification provision in the Tyree/Suess Concrete subcontract is unenforceable under Tenn. Code Ann. § 62-6-123 or for ambiguity because this position on appeal is inconsistent with the position which Suess Concrete took before the trial court.

II. Whether Suess Concrete's express agreement to "defend" and "indemnify" Tyree and Pitt Excavating with regard to "all" claims for personal injury includes the claims of Doug Suess.

-10-

III. Whether Suess Concrete's express agreement to "hold harmless" Tyree and Pitt Excavating with regard to "all" claims for personal injury includes the claims of Doug Suess.

IV. Whether Suess Concrete failed to establish any evidence in the record to create any genuine issue of material fact regarding alleged "gross" or "willful" negligence of any defendant in the personal injury action.

V. In the event that the final order regarding the second summary judgment motion is reversed, whether the order regarding Tyree's first summary judgment also should be reversed.

The appellee, Tyree, also raises issues which include, in essence, the same issues raised by Suess and Pitt. Therefore, we will not consider Tyree's issues separately.

The resolution of the issues in this case is solely dependent on the construction of the indemnity provision in the contract between Suess and Tyree. The interpretation of a written contract is a matter of law and not of fact. *See Rainey v. Stansell*, 836 S.W.2d 117 (Tenn. Ct. App. 1992). A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact, and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgment is a preferred vehicle for disposing of purely legal issues. *See Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993); *Bellamy v. Federal Express Corp.*, 749 S.W.2d 31 (Tenn. 1988). Since the construction of a written contract involves legal issues, a contract in a construction case, such as this one, is particularly suited to disposition by summary judgment. *Browder v. Logistics Management, Inc.,* C. A. No. 02A01-9502-CH-00016, 1996 Tenn. App. LEXIS 284 (Tenn. Ct. App. May 15, 1996); *see also Rainey v. Stansell,* 836 S.W.2d at 119. Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

The cardinal rule in the construction of contracts is to ascertain the intent of the parties. *Bradson Mercantile, Inc. v. Crabtree*, 1 S.W.3d 648, 652 (Tenn. Ct. App. 1999)(citing *West v. Laminite Plastics Mfg. Co.*, 674 S.W.2d 310 (Tenn. Ct. App. 1984)). If the contract is plain and unambiguous, the meaning thereof is a question of law, and it is the Court's function to interpret the contract as written according to its plain terms. *Id*. (citing *Petty v. Sloan*, 277 S.W.2d 355 (Tenn. 1955)). The language used in a contract must be taken and understood in its plain, ordinary, and popular sense. *Id*. (citing *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*, 521 S.W.2d 578 (Tenn. 1975)). In construing contracts, the words expressing the parties' intentions should be given the usual, natural, and ordinary meaning. *Id*. (citing *Ballard v. North American Life & Cas. Co.*, 667 S.W.2d 79 (Tenn. Ct. App. 1983)). If the language of a written instrument is unambiguous, the Court must interpret it as written rather than according to the unexpressed intention of one of the parties. *Id*. (citing *Sutton v. First Nat. Bank of Crossville*, 620 S.W.2d 526 (Tenn. Ct. App. 1981)).

Courts cannot make contracts for parties but can only enforce the contract which the parties themselves have made. *Id*. (citing *McKee v. Continental Ins. Co.*, 234 S.W.2d 830 (Tenn. 1951)).

There is no general prohibition against indemnification provisions in contracts. *See Brown Bros., Inc. v. Metro. Govt. of Nashville*, 877 S.W.2d 745, 749 (Tenn. Ct. App. 1993). However, the Legislature has indicated by specific statutes that in certain areas of commercial activity, indemnity or hold-harmless provisions will be invalid. *See Golden Constr., Inc./CFW Constr. Co., Inc. v. E. Luke Greene Caulking Contractors, Inc.*, 83-286 CA No. 54, 1987 WL 18061, at *3 (Tenn. Ct. App. Oct. 9, 1987)(citing *Affiliated Professional Services v. South Central Bell*, 606 S.W.2d 671 (Tenn. 1980)). These statutes include Tenn. Code Ann. § 62-6-123 (1997) which provides that an indemnity agreement in a construction contract that purports to hold harmless the promisee from liability for damages caused by 'the sole negligence of the promisee' is void as against public policy. *See id*.

We will now address Suess's issues together.

Suess argues that the indemnity provision in question is vague, ambiguous, against public policy and is not applicable to the factual situation before this Court. It is not against public policy to contract to be indemnified against one's own negligence, but such a provision in indemnification contracts must be expressly clear and in unequivocal terms. *See Kroger Co. v. Giem*, 387 S.W.2d 620 (1964); *Olin Corp. v. Yeargen*, *Inc.*, 146 F.3d 398 (6th Cir. 1998).

A correct paraphrasing of the indemnity clause is as follows: Subcontractor (Suess) agrees to indemnify contractor (Tyree) and subcontractor (Pitt) and their employees from any and all claims "rising out of or resulting from the performance of the subcontractor" if any claim is for bodily injury or property damage caused or alleged to be caused by the negligent act or omission of the subcontractor or anyone for whose act the subcontractor may be liable.

Pitt and Tyree assert, and the trial court agreed, that Suess's agreement to indemnify them includes indemnity for claims by Suess against them, primarily because Suess agrees to indemnify against "all" claims, which they argue includes a claim made by Suess against them. They point to the dictionary definition of "all" to which we readily agree. However, to properly construe an agreement, we are not allowed to take words in isolation, but must construe the instrument as a whole. *See APAC-Tennessee, Inc. v. J. M. Humphries Const. Co.*, 732 S.W.2d 601, 604 (Tenn. Ct. App. 1986)(citing *Rodgers v. Southern Newspapers, Inc.*, 379 S.W.2d 797, 799 (Tenn. 1964)). It is clear from the language of the indemnity agreement that any indemnity provided to Tyree and Pitt must rise out of or result from the "performance" by Suess or his employees in a negligent manner. Undoubtedly, "performance," as used in this provision of the contract, refers to doing the work required of Suess in furtherance of the contract. "All" claims is specifically limited in the contract to claims (1) rising out of or resulting from the subcontractor's performance, and (2) caused or allegedly caused by the subcontractor's negligence or his employee's negligence, or "for anyone for whose act [Suess] may be liable." In this context, rising out of or resulting from refers to two distinct occurrences. "Rising out of" refers to some incident giving rise to a claim related to and actually caused by a performance of the work involved. "Resulting from" refers to an incident that

-12-

occurs involving the work that has already been performed. While we have found no Tennessee case directly discussing these points, the Superior Court of New Jersey considered a similar provision and provides some assistance with the definition. In *Leitao v. Damon G. Douglas Co.*, 693 A.2d 1209 (N.J. Super. Ct. App. Div. 1997), the Court, in construing a similar indemnity provision, stated in pertinent part:

> [W]e have construed the words "arising out of" in accordance with their common and ordinary meaning as referring to a claim "growing out of" or having its "origin in" the subject matter of the subcontractor's work duties. (citations omitted). Although the words "resulting from" perhaps imply some causal relationship between the subcontractor's work and the claim, we do not interpret this clause as requiring fault on the subcontractor's part as a prerequisite to indemnification. Instead, we view these words as requiring only a substantial nexus between the claim and the subject matter of the subcontractor's work duties. (citations omitted).

*Id*. at 1212.

The application of indemnity is limited to a claim that is caused or allegedly caused by Suess or anyone for whose act Suess may be liable. It is implicit from this provision of the contract that only claims made against Suess, Pitt or Tyree are included in the indemnity provision. We must respectfully disagree with the trial court's holding that a claim by Suess against Pitt and Tyree would be included in the indemnity provision. The use of the language "alleged to be caused" by Suess's negligence indicates that it is to be some claim made against Suess, Pitt, or Tyree because of some act on the part of Suess.

We find nothing ambiguous about the language of the indemnity agreement. Simply stated, it means that if, because of Suess's negligent performance of his obligation under the contract a claim is made against Tyree or Pitt, Suess must indemnify those parties. There is certainly nothing in the language of this indemnity agreement that clearly and unambiguously indemnifies Tyree and Pitt for their own negligence.

In Pitt's fifth issue Pitt argues that if the final order granting summary judgment to both Pitt and Tyree is reversed, then the previous order granting summary judgment to Tyree against Pitt should also be reversed. Pitt's position is that Tyree argued its motion for summary judgment less than thirty-seven (37) days after service of the motion in violation of Rule 26.03 of the Davidson County Local Rules of Court. It appears that Pitt waived this issue by failing to raise an objection at the oral argument. All other issues are pretermitted.

Accordingly, the final order of the trial court granting summary judgment to both Pitt and Tyree against Suess is reversed, and this case is remanded to the trial court for entry of a declaratory judgment consistent with this Opinion. Costs of appeal are assessed against the appellees, John Pitt, II, d/b/a Pitt Excavating, and Tyree Organization Limited.

-13-

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.