# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### October 14, 2010 Session

# COLLATERAL PLUS, LLC, ET AL. v. MAX WELL MEDICAL, INC.

**Appeal from the Chancery Court for Davidson County**
**No. 08-2534-II     Carol L. McCoy, Chancellor**

---

**No. M2010-00638-COA-R3-CV - Filed March 29, 2011**

---

RICHARD H. DINKINS, J., dissenting.

Because I am of opinion that the $900,000 placement fee was earned when Collateral Plus was successful in securing financial assistance for MAX Well and became payable in February 2008 when the remainder of MAX Well's stock was purchased, I respectfully dissent from the court's holding that MAX Well is entitled to summary judgment.

As the majority notes, in resolving this dispute, we are to ascertain the intention of the parties through the plain language of the agreement. *Eatherly Const. Co. v. HTI Mem'l Hosp.*, M2003-02313-COA-R3CV, 2005 WL 2217078 (Tenn. Ct. App. Sept. 12, 2005). In this inquiry, in order to avoid repugnancy between the several provisions of a single contract, its provisions should be construed in harmony with each other, if such construction can be reasonably made. *Id.* (citing *Rainey v. Stansell*, 836 S.W.2d 117, 119 (Tenn.Ct.App.1992))*,* Applying that standard, there is nothing from which to conclude that the parties did not intend for MAX Well's liability for the placement fee to survive the termination of the Loan Management Agreement.

The agreement provides that "to facilitate the Loan [from Suntrust Bank], the members of [Collateral Plus] have made available certain letters of credit and other credit enhancements and [Collateral Plus] has agreed to act as paying agent for the Loan" and that "as consideration for the supply of such guarantees, credit enhancements and its role in facilitating the credit line, [MAX Well] is providing compensation to [Collateral Plus] as set forth herein." Section 2 of the agreement provides that it is to remain in effect until the loan is paid in full. Collateral Plus' compensation is set forth in section 4 and is composed of several elements, each of which is specifically related to either securing, servicing, or monitoring the $4.5 million line of credit. Each element of compensation constitutes a

distinct part of the total consideration for Collateral Plus' efforts[1] and sets forth the time and the manner in which that item is payable.

I do not consider the time and manner by which the placement fee was to be paid a conditional obligation of MAX Well; neither do I consider the continuation of the agreement a condition precedent to Max Well's liability for the fee. Rather, the placement fee became a liability of MAX Well when the loan was made and remained a liability until Collateral Plus brought suit. The fact that the contract was to terminate when the loan was paid off is consistent with the fact that Collateral Plus would no longer have loan servicing and monitoring responsibilities and its guarantees of MaxWell's loan would no longer be in force. The conclusion of Collateral Plus' responsibilities under the agreement is not inconsistent with MAX Well's continuing liability for payment of the placement fee "upon a change of control of [MAX Well, sale of [MAX Well], or the acquisition of [MAX Well's] assets." There is nothing to indicate that the parties intended that termination of the agreement would extinguish MAX Well's liability for the placement fee. I believe such a result to be contrary to the intention of the parties as reflected in the agreement..

_____
RICHARD H. DINKINS, JUDGE

---

[1]

4) Fees, Compensation, and Security

a) Manager shall be entitled to the following fees under this Agreement (the "Fees"):

i)  excess interest, if any, paid pursuant to Section 3, above;
ii)  any fees associated with providing the letters of credit, payable upon the loan agreement's execution;
iii) a nonrefundable restructuring fee of $90,000.00, payable at closing;
iv) any legal or bank fees related to the loan agreement and loan, payable at closing;
v)  a nonrefundable, advisory fee of $7,500.00 per month, payable in advance on or before the 1st of the month. . . .
vi) a commitment fee of $90,000.00, payable at closing;
vii) a funding fee of one percent (1%) of the outstanding balance, paid monthly; and
viii) a placement fee of $900,000.00, payable upon a change of control of the Borrower, sale of the Borrower, or the acquisition of the Borrower's assets.