IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 5, 2021 Session

## ZIMMER US, INC. v. DAVID GERREGANO

**Appeal from the Chancery Court for Davidson County**
**No. 18-1408-I          Patricia Head Moskal, Chancellor**

_____

### No. M2020-00171-COA-R3-CV

_____

This is a taxpayer action challenging the Tennessee Department of Revenue's decision to deny its refund claim. The taxpayer filed a refund claim in December 2015, after which the parties entered into three consecutive extension agreements under Tenn. Code Ann. §§ 67-1-1501 and -1802. Shortly before the last extension expired, the taxpayer commenced this action to obtain its refund. The Department responded by filing a motion to dismiss the complaint on the basis the trial court lacked subject matter jurisdiction because the one-year statute of limitations to commence the refund action was not extended. Specifically, the Department insisted the extension agreements only extended the limitation periods for it to assess taxes and refund overpayments. For its part, the taxpayer insisted the parties agreed to extend the deadline for filing suit and that its action was timely commenced. The trial court agreed with the Department and dismissed the complaint. We affirm the trial court's decision because the plain language of each extension agreement references only the assessment and refund of taxes.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Brett R. Carter, Nashville, Tennessee, and Quentin Doug Sigel, Austin, Texas, for the appellant, Zimmer US, Inc.

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; Charles L. Lewis, Deputy Attorney General; and Joseph R. Longenecker, Assistant Attorney General, Nashville, Tennessee, for the appellee, David Gerregano, Commissioner of Revenue, State of Tennessee.

**OPINION**

Between 2012 and 2015, Zimmer US, Inc. ("Plaintiff") paid sales and use tax to the Tennessee Department of Revenue ("the Department") in connection with Plaintiff's provision of surgical instruments to hospitals in Tennessee. In December 2015, Plaintiff filed a refund claim for about $1.8 million.

Nine months later, in September 2016, the parties executed an Agreement to Extend Statutory Period of Limitations, which provided:

> This agreement of mutual consent for an extension of the statutory period of limitations otherwise applicable by law upon the assessment of taxes payable to the state of Tennessee or the refund of taxes due the taxpayer names herein, of the kind and for the taxable period stated above, is made by and between the taxpayer, and the Commissioner of Revenue pursuant to the provisions of Tenn. Code Ann. §§ 67-1-1501, 67-1-1802 and all other applicable state laws.

> It is mutually agreed and consented by the parties that any tax liability, including penalty or interest which accrues thereon, may be assessed at any time on or before the new expiration date, in the manner provided by law.

> It is further mutually agreed and consented by the parties that any overpayment, including interest which accrues thereon, may be refunded if, by the new expiration date, the Commissioner is in possession of proper proof and facts showing a refund is due.

The Agreement set a "New Expiration Date" of December 21, 2017. The parties executed two more Agreements to Extend, one in October 2017 and one in April 2018 (collectively, "the Extension Agreements"). The final expiration date was set for December 31, 2018.

In furtherance of their efforts to resolve their differences, the parties participated in two "exit conferences," one in September 2018 and one in December 2018; however, the Department issued no decision on Plaintiff's claim. Thus, Plaintiff commenced the present action by filing a complaint in the Davidson County Chancery Court, challenging the effective denial of its refund claim. In February 2019, the Department answered the complaint and denied that Plaintiff was entitled to the refund.

Four months later, the Department moved to dismiss Plaintiff's complaint. The Department asserted that the trial court lacked subject matter jurisdiction because the one-year statute of limitations expired. In response, Plaintiff contended that each Extension Agreement extended the deadline for filing suit.

Following a hearing on the motion, the trial court concluded that the Extension Agreements extended only the limitation periods for the Department to assess taxes and refund overpayments:

> The Court finds that the three extension agreements, by their terms, recite that they extend the period within which taxes "may be assessed" or overpayments "may be refunded," referring to the Commissioner's authority under Tenn. Code Ann. § 67-1-1802(a)(8). None of the . . . [E]xtension [A]greements recites that the parties 'consent to suit being filed in chancery court beyond the one-year period' to challenge a deemed denial of a claim for refund.

Based on this determination, the trial court concluded that the Department did not consent "to suit being filed . . . beyond the one-year period" specified in Tenn. Code Ann. § 67-1-1802(c)(1). Further, because Tennessee's Taxpayer Remedies Statutes, Tenn. Code Ann. § 67-1-1801 to -1808, provides "the sole and exclusive jurisdiction for determining liability for all taxes collected or administered by the commissioner of revenue," Tenn. Code Ann. § 67-1-1804, and it being undisputed that Plaintiff did not file suit "within one (1) year" after it filed its refund claim, Tenn. Code Ann. § 67-1-1802(c)(1), the court held that it lacked subject matter jurisdiction and dismissed Plaintiff's complaint. This appeal followed.

### ISSUES

I. Whether the Extension Agreements extended the statute of limitations to file a refund claim in chancery court by providing that the Department consented to "an extension of the statutory period of limitations . . . pursuant to Tenn. Code Ann. §§ 67-1-1501, 67-1-1802 and all other applicable state laws."

II. Whether the chancery court erred in dismissing Plaintiff's refund claim for lack of subject matter jurisdiction.

### STANDARD OF REVIEW

"A Tenn. R. Civ. P. 12.02(6) motion tests only the legal sufficiency of the plaintiff's complaint, not the strength of the plaintiff's proof." *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 455 (Tenn. 2012). For this reason, we "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id*. at 455–56 (quoting *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)). "The determination of whether a suit should be dismissed based on the statute of limitations presents a question of law which we review de novo with no presumption of correctness." *Id*. at 456.

ANALYSIS

Plaintiff contends it timely commenced this action because the Department consented to extend the time within which suit could be filed. Plaintiff bases this contention on three separate grounds. First, "the first paragraph is sufficient to extend [Plaintiff]'s deadline for filing suit, because the agreements explicitly refer to the statutory period of limitations and Tenn. Code Ann. § 67-1-1802." Second, the general reference to § 67-1-1802 creates an ambiguity that should be construed against the Department as the drafter of the Extension Agreements. And third, the trial court's decision was "inequitable," asserting that Plaintiff "believed the agreements extended [Plaintiff]'s ability to challenge the refund denial in chancery court under Tenn. Code Ann. § 67-1-1802(c)(1)."

As an initial matter, we note that "[s]uits may be brought against the state in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17. Furthermore, suits for tax refunds "can be maintained only in the manner and upon the conditions consented to by the State." *Wicker v. Comm'r*, 342 S.W.3d 35, 38 (Tenn. Ct. App. 2010) (quoting *Beare Co. v. Olsen*, 711 S.W.2d 603, 605 (Tenn. 1986)). As pertinent here, the procedure established by Tennessee's Taxpayer Remedies Statutes, Tenn. Code Ann. § 67-1-1801 to -1808, provide "the sole and exclusive jurisdiction for determining liability for all taxes collected or administered by the commissioner of revenue."[1] Tenn. Code Ann. § 67-1-1804.

Plaintiff sued under Tenn. Code Ann. § 67-1-1802(c)(1), which permits lawsuits "challenging the denial or deemed denial of a claim for refund" to be filed "within one (1) year from the date that the claim for refund was filed" unless the Department has consented "to suit being filed . . . beyond the one-year period." It is undisputed that Plaintiff filed its refund claim in December 2015 and did not file suit "within one (1) year" after that. Thus, the dispositive issue is whether the Department consented "to suit being filed . . . beyond the one-year period" when it executed the Extension Agreements. *See id*.

Plaintiff argues that "the first paragraph [of each Extension Agreement] is sufficient to extend [Plaintiff]'s deadline for filing suit, because the agreements explicitly refer to the statutory period of limitations and Tenn. Code Ann. § 67-1-1802." In particular, each Extension Agreement states that it was "made . . . pursuant to the provisions of Tenn. Code Ann. §§ 67-1-1501, 67-1-1802 and all other applicable state laws." Essentially, Plaintiff contends this sentence constitutes the Department's express consent "to suit being filed . . . beyond the one-year period" under § 67-1-1802(c)(1). We respectfully disagree.

"The cardinal rule for interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention consistent with legal principles." *Com. Union*

---

[1] Tenn. Code Ann. § 67-1-1804 provides for limited exceptions that are not at issue.

*Bank, Brentwood, Tennessee v. Bush*, 512 S.W.3d 217, 227–28 (Tenn. Ct. App. 2016) (quoting *Rainey v. Stansell*, 836 S.W.2d 117, 118–19 (Tenn. Ct. App. 1992)). The parties' intent is determined "from a consideration of the whole contract." *Id.* (quoting *Rainey*, 836 S.W.2d at 119). While the Extension Agreements generally reference §§ 67-1-1501 and 67-1-1802, they explicitly reference "the statutory period of limitations . . . **upon the assessment of taxes payable** to the state of Tennessee or **the refund of taxes**." (Emphasis added). These limitation periods are found in Tenn. Code Ann. §§ 67-1-1501(b)(5) and 67-1-1802(a)(8), respectively. The Extension Agreements include no reference to the statute of limitations for filing suit to challenge a denial or deemed denial of a refund claim, which is found in Tenn. Code Ann. § 67-1-1802(c)(1).

Plaintiff also argues that the general reference to § 67-1-1802 creates an ambiguity that should be construed against the Department as the drafter of the Extension Agreements. Again, we respectfully disagree. "[I]n determining whether or not there is . . . an ambiguity as calls for interpretation, the whole instrument must be considered, and not an isolated part, such as a single sentence or paragraph." *Fisher v. Revell*, 343 S.W.3d 776, 780 (Tenn. Ct. App. 2009) (quoting 77 C.J.S. Contracts § 304). Thus, "[a] word or expression in the contract may, standing alone, be capable of two meanings and yet the contract may be unambiguous." *Id*. As stated, the Extension Agreements specifically state their purpose was to extend "the statutory period of limitations otherwise applicable by law **upon the assessment of taxes** payable to the state of Tennessee or **the refund of taxes** due the taxpayer." (Emphasis added). The Agreements continue by providing that the parties agreed "that any tax liability . . . **may be assessed** at any time on or before the new expiration date" and "any overpayment, including interest which accrues thereon, **may be refunded** . . . by the new expiration date." (Emphasis added). Thus, we find no ambiguity exists in the Extension Agreements' language.

Plaintiff's third and final contention is that the trial court's decision was "inequitable," asserting that Plaintiff "believed the agreements extended [Plaintiff]'s ability to challenge the refund denial in chancery court under Tenn. Code Ann. § 67-1-1802(c)(1)." Plaintiff maintains that the Department never informed it "that the Department did not consider the agreements to extend the deadline" and misled Plaintiff "by providing it with an Audit Summary Report, stating that the refund claim had been denied." We find these arguments unavailing.

When interpreting a contract, "we do not attempt to ascertain the parties' state of mind at the time of its execution, but instead must seek to ascertain the parties' intention as embodied and expressed in the contract as written." *Simonton v. Huff*, 60 S.W.3d 820, 826 (Tenn. Ct. App. 2000) (citing *Burks v. Belz-Wilson Properties,* 958 S.W.2d 773, 777 (Tenn. Ct. App. 1997); *Bill Walker & Assocs., Inc. v. Parrish,* 770 S.W.2d 764, 770 (Tenn. Ct. App. 1989)). Thus, "if the intention of one party was not communicated to the other party, then it is without binding effect." *Id*. (citing *Kozy v. Werle*, 902 S.W.2d 404, 411 (Tenn. Ct. App. 1995)).

Moreover, we find Plaintiff waived any potential issue involving the Department's communications. Plaintiff alludes to the Department's "mislead[ing]" comments, but Plaintiff makes no legal argument in this regard and cites no legal authority. Plaintiff has thus waived this issue. *See Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

After considering each of Plaintiff's contentions and reviewing the plain language of the Extension Agreements, we agree with the trial court's determination that the Department did not consent "to suit being filed . . . beyond the one-year period." Each Extension Agreement states that it was an "agreement . . . **for an extension of the statutory period of limitations** otherwise applicable by law **upon the assessment of taxes payable** to the state of Tennessee or **the refund of taxes**." (Emphasis added). Thus, the Extension Agreements provide that the parties agreed "that any tax liability . . . **may be assessed** at any time on or before the new expiration date" and "any overpayment, including interest which accrues thereon, **may be refunded** . . . by the new expiration date." (Emphasis added). The Agreements do not, however, extend the one-year period for suit to be filed. Accordingly, the Department did not consent "to suit being filed . . . beyond the one-year period" when it executed the Extension Agreements. *See* Tenn. Code Ann. § 67-1-1802(c)(1). As a consequence, the court lacked subject matter jurisdiction. Therefore, we affirm the trial court's decision to dismiss Plaintiff's complaint on the basis that the court lacked subject matter jurisdiction.

## IN CONCLUSION

For these reasons, we affirm the judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Zimmer USA, Inc.

_____
FRANK G. CLEMENT JR., P.J., M.S.

- 6 -