IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 6, 2001 Session

## STACY HARRIS v. 4215 HARDING ROAD HOMEOWNERS ASSOCIATION

Appeal from the Chancery Court for Davidson County
No. 99-1309-II     Carol McCoy, Chancellor

No. M2000-02414-COA-R3-CV - Filed October 16, 2001

The appellant, a unit owner in a high-rise condominium, sued the Homeowners Association, claiming that her assessment for common expenses had been too high for the twenty years she had owned the unit.  She sought reimbursement of the overpayment and an injunction against further assessments based on the percentage of her ownership stated in the Master Deed.  The Chancery Court of Davidson County granted summary judgment to the Association and ordered the appellant to pay attorney's fees and costs.  We affirm and remand the cause for the assessment of attorney's fees for the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Lawrence Wilson, Nashville, Tennessee, for the appellant, Stacy Harris.

Dudley M. West, Nashville, Tennessee, for the appellee, 4215 Harding Road Homeowners Association.

## OPINION

### I.

Stacy Harris bought Unit No. 107 in the Windsor Tower Condominium complex in 1979. According to the Master Deed and By-Laws of the Association, which were recorded in 1978, 0.374% of the common elements of the complex as described in the Master Deed were allocated to Unit No. 107.  Ms. Harris' warranty deed from the former owner of Unit No. 107 conveyed the unit to her along with the undivided 0.374% of the common elements.

The Master Deed requires each unit owner to pay his/her proportionate share of the expenses of the Association in accordance with his/her percentage of ownership in the common elements.

Since 1978, Unit No. 107 has been assessed 0.374% of the Association's expenses. Ms. Harris has paid the assessment since 1979.

In 1998, Ms. Harris learned that Unit No. 107 contained only 672 square feet of living area, rather than the 850 square feet shown on the plat for Windsor Towers.[1] She confirmed, to her satisfaction, that the percentage of ownership of the common areas (and hence her dues assessment) was originally calculated on a ratio of the area of her unit to the total area in the entire complex, using 850 square feet as the numerator. She, therefore, demanded (1) a refund of the overpayment and (2) a reduction in her assessment for the future.

## II.

The chancellor granted summary judgment to the Association, finding that all the relevant facts were undisputed, and that the Association was entitled to judgment as a matter of law. The chancellor held that the size of Unit No. 107 was immaterial, since Ms. Harris had received title to an undivided 0.374% share of the common elements of the complex, and the Master Deed and By-Laws required her to pay that proportion of the maintenance and operational expenses.

We agree. A condominium may be established, according to statute, by recording a Master Deed. *See* Tenn. Code Ann. § 66-27-103, 107. The Master Deed shall also include By-Laws for the administration of the building, Tenn. Code Ann. § 66-27-107(a)(4), and the By-Laws must provide for the care and upkeep of the building and its common elements, and the manner of collecting from the co-owners for the payment of the common expenses. *See* Tenn. Code Ann. § 66-27-112 (a)(3) and (4). In this case, the Master Deed allocated an undivided 0.374% of the ownership of the common elements to Unit No. 107.

Whether the allocation resulted from a mistake or is essentially correct is beside the point. The fact remains that Ms. Harris has been deeded 0.374% of the common elements of the condominium. Her ownership rights obligate her to pay that proportion of the common expenses. The obligation in the Master Deed and By-Laws is an encumbrance on her unit of which she had notice when she purchased the unit in 1979. *See Association of Owners of Regency Park v. Thomasson*, 878 S.W.2d 560 (Tenn. Ct. App. 1994). Covenants, conditions, and restrictions contained in the declaration (Master Deed) are property interests that run with the land. *Maples Homeowners Ass'n v. T & R Nashville*, 993 S.W.2d 36 (Tenn. Ct. App. 1998). Therefore, Ms. Harris is bound by the conditions contained in the Master Deed and By-Laws.

## III.

Paragraph 10(b) of the Master Deed provides that all costs and expenses, including a reasonable attorney's fee, are recoverable in an action to enforce or defend the lien given the association to secure the payment of dues. The chancellor awarded attorney's fees to the Association for defending the action below. On appeal, Ms. Harris asserts that the Master Deed provision does not apply to this case and that the chancellor set the amount awarded to the Association without an

---

[1] The association disputes the square footage of Ms. Harris' unit but insists that the real area is immaterial.

evidentiary hearing. We think that the Master Deed clearly covers this situation. Ms. Harris contested the amount of her part of the Association's costs and expenses, for which the Association retained a lien on her unit and her share of the common elements. Therefore, the Master Deed allows the Association to recover its attorney's fees in this action.

The chancellor set the fee in accordance with the local rules of the court which provide:

> Whenever it is necessary for the court to determine fees of attorneys, the attorney will file an affidavit setting forth an itemized statement of the services rendered, the time, a suggestion of the fee to be awarded along with a statement of other pertinent facts including but not limited to that required by DR 2-106 of the Code of Professional Responsibility and applicable case law, and such other information as may be requested by the court.

The affidavits contained itemized statements of the time spent by the Association's counsel, and the expenses incurred by them in defending Ms. Harris' claims. Her only response to the motion concerned the Master Deed provision for attorney's fees; it did not contest the reasonableness of the fee. She did not request a hearing. We are of the opinion that Ms. Harris cannot raise the issue of the reasonableness of the fee on appeal. Rule 36(a), Tenn. R. App. P. requires a party to take reasonable measures in the trial court to cure an error before raising the error as an issue on appeal. *See Grandstaff v. Hawks*, 36 S.W.3d 482 (Tenn. Ct. App. 2000); *State v. Gregory*, 862 S.W.2d 574 (Tenn. Crim. App. 1993). By failing to contest the reasonableness of the fee in the trial court, Ms. Harris is precluded from raising that issue here.

The Association has requested that this court allow an additional fee for the services of its counsel on appeal. We hold that the request is proper and remand the cause to the trial court to set a reasonable fee for the services rendered by counsel on appeal.

**IV.**

The chancellor also held that the ten-year statute of limitations in Tenn. Code Ann. § 28-3-110(3) would bar the plaintiff's effort to reform their deed. We will not address that issue since we have found that the chancellor should be affirmed on other grounds.

The judgment of the court below is affirmed and the cause is remanded for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Stacy Harris.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

-3-