IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2022

**KEVIN CAMPBELL v. KLIL, INC. ET AL.**

**Appeal from the Circuit Court for Williamson County**
**No. 2020-CV-393   James G. Martin, III, Judge**

_____

**No. M2021-00947-COA-R3-CV**

_____

Homeowner appeals the trial court's decision to not award attorney's fees after an action to enforce a construction contract. Trial court found the provision to be unenforceable based on its undefined "where applicable" language. Applying the rules of contract construction, we conclude that this provision is enforceable and entitles the homeowner to an award of reasonable attorney's fees in connection with this action. We reverse and remand for further proceedings to determine reasonable attorney's fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, II, J., joined.

Michele McGill, Franklin, Tennessee, for the appellant, Kevin Campbell.

Ben Powers, Franklin, Tennessee, for the appellees, KLIL, Inc., Kemp Outdoor Solutions, Inc., and James R. Kemp.

**OPINION**

**I. FACTUAL AND PROCEDURAL HISTORY**

This appeal stems from a breach of contract action, with the only remaining issue involving the interpretation of a contractual provision regarding attorney's fees.

In August 2017, homeowner Kevin Campbell ("Mr. Campbell") contracted with James Kemp, as owner of KLIL, Inc. d/b/a Kemp Outdoor Solutions, Inc., (collectively,

"Appellee")[1] for an outdoor remodeling project at Mr. Campbell's home. The contract included an attorney's fee provision: "Should Contractor or Customer be required to engage the services of an attorney in connection with this Contract, Contractor or Customer shall be entitled to reasonable attorney's fees or collection fees, where applicable." Neither party disputes that Appellee was the drafter of the contract. Work on the project began in October 2017 and was to include installation of a covered patio, fireplace and outdoor kitchen, and various electrical and plumbing features.

As the construction progressed, Mr. Campbell alerted Appellee to various workmanship and construction problems, culminating in September 2018 when water began leaking into Mr. Campbell's dining room. Efforts were made by Appellee to address Mr. Campbell's complaints, but the parties could not fully resolve the issues. As a result, Mr. Campbell filed a civil warrant for breach of warranty against Appellee in the General Sessions Court for Williamson County in December 2019. Judgment was entered for Appellee. Mr. Campbell then appealed the matter to the Circuit Court for Williamson County ("the trial court") in August 2020 and amended his complaint to include consumer protection, breach of contract, and breach of warranty causes of action, as well as a request for attorney's fees under both the consumer protection statute and the contract.

At trial on May 20, 2021, the trial judge ruled from the bench, finding a failure by Appellee to complete the contract in a workmanlike manner and unfair and deceptive practices under the Consumer Protection Act, but no severe deception or bad faith. No statutory attorney's fees were awarded. Judgment was entered in favor of Mr. Campbell in an order entered July 1, 2021, with the issue of contractual attorney's fees reserved pending further briefing.[2]

After reviewing the parties' briefs on the matter, the trial court found the term "where applicable" in the fee provision to be undefined so as to "not create a right to recover attorney's fees under the facts and circumstances of this case," and issued an order denying Mr. Campbell's request for attorney's fees on July 19, 2021. Mr. Campbell filed a notice of appeal to this Court on August 20, 2021.

---

[1] The Defendants/Appellees are arguably separate entities. However, the record in this case does not clearly distinguish between use of "Kemp" as the collective defendants and Mr. Kemp individually. Because the Defendants/Appellees do not appear to assert in this appeal that they should be treated as disparate for liability purposes, they have retained the same counsel and submitted only collective pleadings, and the trial court found Mr. Kemp personally liable for the damages awarded to Mr. Campbell under Tennessee Code Annotated section 62-6-136(c), we will use the term "Appellee" to refer to Mr. Kemp and his businesses throughout for ease of reference.

[2] The trial court "recognize[d] that the Contact contains an attorney['s fee] provision and that the provision contains the word *shall*" and that precedent requires enforcement of such provisions. However, the provision at issue here ends with the words "where applicable," and the trial court "question[ed] the meaning and impact of this language on the Court[']s authority to award fees."

## II. ISSUE PRESENTED

Mr. Campbell raises for review only the issue of "whether the trial court erred in denying Mr. Campbell's claim for an award of attorney fees pursuant to the attorney fee provision contained in the parties' contract."[3] No issues for appeal have been raised by Appellee.

## III. STANDARD OF REVIEW

Because this case involves the interpretation and enforcement of a written contract, the following principles are applicable:

> In 'resolving disputes concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language.' *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999). This determination of the intention of the parties is generally treated as a question of law because the words of the contract are definite and undisputed, and in deciding the legal effect of the words, there is no genuine factual issue left for a jury to decide. 5 Joseph M. Perillo, *Corbin on Contracts,* § 24.30 (rev. ed. 1998); *Doe v. HCA Health Services of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001).
>
> A court's initial task in construing a contract is to determine whether the language of the contract is ambiguous. Once found to be ambiguous, a court applies established rules of construction to determine the parties' intent. 'Only if ambiguity remains after the court applies the pertinent rules of construction does [the legal meaning of the contract] become a question of fact' appropriate for a jury. *Smith v. Seaboard Coast Line R.R. Co.*, 639 F.2d 1235, 1239 (5th Cir. 1981).

*Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 890 (Tenn. 2002).

## IV. ANALYSIS

Tennessee follows the American Rule regarding attorney's fees. *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). The Rule "reflects the idea that public policy is best served by litigants bearing their own legal fees regardless of the outcome of the case." *House v. Est. of Edmondson*, 245 S.W.3d 372, 377 (Tenn. 2008). Under the American Rule, a party may recover attorney's fees "only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some

---

[3] Because Mr. Campbell has not appealed the denial of fees under the consumer protection statutes, we do not address fees under that provision.

other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case." **Cracker Barrel**, 284 S.W.3d at 308.

This case involves the first scenario—a contractual provision that Mr. Campbell asserts entitles him to attorney's fees. To reiterate, the attorney's fee provision contained in the parties' contract provides as follows: "Should Contractor or Customer be required to engage the services of an attorney in connection with this Contract, Contractor or Customer shall be entitled to reasonable attorney's fees or collection fees, where applicable." The dispute in this case goes to the basic enforceability of this provision under Tennessee law.

Because of the presumption against attorney's fees applicable under the American Rule, attorney's fees may only be awarded under a contract "when [the] contract *specifically* or *expressly* provides for the recovery of attorney fees." *Id.* at 309. The cases that deal with this issue often turn on whether the language in the contract specifically references an entitlement to attorney's fees, rather than costs in general. *Compare id.* at 307 (finding the provision "all costs and expenses of any suit or proceeding shall be assessed against the defaulting party" not specific enough to award attorney's fees); **Kultura, Inc. v. S. Leasing Corp.**, 923 S.W.2d 536, 537 (Tenn. 1996) (finding "any losses" not to specifically encompass attorney's fees); *and* **Pinney v. Tarpley**, 686 S.W.2d 574, 578 (Tenn. Ct. App. 1984) (finding an agreement for the parties to hold each other harmless for any failure to pay their respective debts insufficient to support the awarding of fees for litigation to enforce the agreement); *with* **Eberbach v. Eberbach**, 535 S.W.3d 467, 480 (Tenn. 2017) (allowing fees based on a provision reading: "In the event it becomes reasonably necessary for either party to institute legal proceedings to procure the enforcement of any provision of this Agreement, the prevailing party shall also be entitled to a judgment for reasonable expenses, including attorney's fees, incurred in prosecuting the action"); **Taylor v. Fezell**, 158 S.W.3d 352, 360 (Tenn. 2005) (allowing fees where the provision stated that "[s]hould either party incur any expenses or legal fees as a result of the breach of any portion of this [agreement] by the other party, the defaulting party shall be responsible for all reasonable attorney's fees and suit expenses to the non-defaulting party"); *and* **Harris v. 4215 Harding Rd. Homeowners Ass'n**, 74 S.W.3d 359, 361 (Tenn. Ct. App. 2001) (allowing fees in a contract providing "all costs and expenses, including a reasonable attorney's fee, are recoverable in an action to enforce or defend the lien given the association to secure the payment of dues").

However, direct reference to "attorney's fees" is not always necessary. *See* **Raines Bros. v. Chitwood**, No. E2013-02232-COA-R3-CV, 2014 WL 3029274 (Tenn. Ct. App. July 3, 2014) (finding that "the reference to litigation in combination with the language, 'fees incurred,' clearly and unambiguously demonstrate[d] that 'fees incurred' would include attorney's fees," despite the omission of the possessive "attorney's" before the word "fees" in the plain language of the provision). In any case, the failure to specifically reference attorney's fees is not at issue here, as the provision in the parties' contract specifically mentions attorney's fees.

Instead, Appellee argues that the provision contained in the parties' agreement does not specify *under what circumstances* the entitlement to attorney's fees would be applicable and is thus unenforceable. Appellee relies on ***Boiler Supply Co. v. Lunn Real Estate Investments, Inc.***, No. 01A01-9605-CH-00246, 1998 WL 684599 (Tenn. Ct. App. July 1, 1998), for the argument that (1) the contract must specifically reference not only the right to recover attorney's fees but also the circumstances under which fees are capable of being sought, and (2) the action for fees must be brought under only those circumstances set forth in the contract. *See id.* at *3 ("Where a contract contains a provision allocating the responsibility for paying legal expenses, the obligation to pay legal expenses is limited to only those instances provided for in the contract." (citing ***Chicago Southshore & S. Bend R.R. v. Itel Rail Corp.***, 658 N.E.2d 624, 634 (Ind. Ct. App. 1995))).

In ***Boiler Supply***, the court was interpreting a limited attorney's fee provision:

> If, *on account of any breach or default by Lessor or Lessee* of their obligations to any of the parties hereto, *under the terms, covenants and conditions of this Lease*, it shall become necessary for any of the parties hereto to employ an attorney to enforce or defend any of their rights or remedies hereunder, and should such party prevail, it shall be entitled to any reasonable attorneys' fees incurred in such connection.

1998 WL 684599, at *2 n.4 (emphasis added). Considering this language, the court concluded that the contract only allowed attorney's fees in the event that the prevailing party demonstrated either a breach or a default by the other party. *Id.* at *3. Because the contract provided that only the lessee could be in default, the only way in which the plaintiff-lessee could show that it was entitled to attorney's fees was by proving that the defendant-lessor breached the lease. *Id.* But while the plaintiff-lessee had prevailed in obtaining a declaratory judgment that the leases had expired, it had not shown that the defendant-lessor was in breach of the contracts. *Id.* at *4. Thus, the condition precedent to an award of fees under the contract was not met and the plaintiff-lessee was not entitled to attorney's fees under the specific language of the provision at issue.

As we perceive it, Appellee does not argue that the attorney's fee provision in the case-at-bar is similarly limited. Instead, it contends that because the attorney's fee provision is not limited at all— that is, that it does not specify the precise circumstances where attorney's fees may be awarded—the provision is unenforceable. Specifically, in their brief to the trial court on this issue, Appellee argued that the provision "is not sufficiently specific nor does it expressly state the instances wherein attorney's fees or collection fees are to be awarded." According to Appellee, to be enforceable, the contract would need more detail as to "when the attorney's fees are applicable, when collection fees are applicable, when attorney's fees are applicable instead of collection fees, when collection fees are applicable instead of attorney's fees, or when attorney's fees or

collection fees are applicable at all." Appellee further argued in the trial court that this lack of specificity renders the attorney's fee provision wholly unenforceable.

It is true that a contract may be too vague to be enforced. In general, "[t]o be enforceable, a contract must result from a meeting of the minds, be based on sufficient consideration, and be sufficiently definite." *Cadence Bank, N.A. v. The Alpha Tr.*, 473 S.W.3d 756, 774 (Tenn. Ct. App. 2015) (citing *Peoples Bank of Elk Valley v. ConAgra Poultry Co.*, 832 S.W.2d 550, 553 (Tenn. Ct. App. 1991)). "If the essential terms of an alleged agreement are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract." *Peoples Bank*, 832 S.W.2d at 553–554 (citing Restatement (2d) Contracts, § 33 (1981)). "It is a fundamental rule of law that an alleged contract which is so vague, indefinite and uncertain as to place the meaning and intent of the parties in the realm of speculation is void and unenforceable." *Four Eights, L.L.C. v. Salem*, 194 S.W.3d 484, 486 (Tenn. Ct. App. 2005) (quoting *United Am. Bank of Memphis v. Walker*, 1986 WL 11250, at *2 (Tenn. Ct. App. 1986)).

The disputed portion of the attorney's fees provision at issue here surrounds the inclusion of the statement that the fees are to be awarded "where applicable." Under Mr. Campbell's interpretation of this portion of the provision, "where applicable" merely indicates that attorney's fees or collections fees should be awarded when the party seeking the fees was successful. In contrast, Appellee argues that Mr. Campbell's interpretation results in the court going beyond the contract as written to add to the parties' contract the necessary circumstances under which the fees may be awarded, *i.e.*, to the prevailing party. As written, Appellee contends that the phrase "where applicable" is so vague as to have no meaning and should not be held sufficient to entitle Mr. Campbell to attorney's fees.

Neither party cites any cases involving language similar to the contract at issue. A similar argument was, however, raised in *Raines Brothers v. Chitwood*. *See* 2014 WL 3029274, at *12. In that case, the defendant argued that the language of the parties' contract was "insufficient" to provide for an award of attorney's fees. Like many cases, the problem with the language was the omission of the terms "legal" or "attorney's" to describe the fees allowed thereunder. But the court held that this omission did not invalidate the parties' agreement. *Id.* First, following the principle that contractual provisions should be considered in their entirety rather than as isolated words, the court noted that provision specifically referenced litigation prior to the "fees incurred" language. *Id.* (stating that the court was "[r]eviewing this provision in its entirety"); *cf. Pitt v. Tyree Org. Ltd.*, 90 S.W.3d 244, 253 (Tenn. Ct. App. 2002) ("[T]o properly construe an agreement, we are not allowed to take words in isolation, but must construe the instrument as a whole."). Next, the court considered the fact that the language in the provision was much more specific than other cases in which we have held that a contract did not sufficiently provide for fee-shifting. *Raines Bros.*, 2014 WL 3029274, at *12 (comparing the provision to "costs and expenses of any suit," "any cost," or "any cost, loss, damage, or expense"). Thus, the court looked

to the rules of contract construction to hold that the agreement was clear, unambiguous, and entitled the plaintiff to attorney's fees.

The court came to a similar conclusion in ***Parker v. Brunswick Forest Homeowners Ass'n***, No. W2018-001760-COA-R3-CV, 2019 WL 2482351 (Tenn. Ct. App. June 13, 2019), *perm. app. denied* (Tenn. Sept. 18, 2019). In that case, the plaintiff homeowner filed an action against his homeowner's association primarily to avoid paying assessments. The homeowner's association both defended against the plaintiff's claims and filed a counterclaim for the unpaid assessments. The trial court ruled in favor of the defendant homeowner's association and awarded it fees associated with both the defense of the homeowner's action and the prosecution of the counterclaim. On appeal, the plaintiff homeowner argued that the trial court erred because attorney's fees incurred by the homeowner's association in defending against his action were not permitted by the covenants at issue. In particular, the covenants provided that "[t]he Association may bring an action at law against" a homeowner in the event that the assessments are unpaid, and that "the Association may collect from the said [m]ember interest, costs and reasonable attorneys' fees." ***Id.*** at *3. While the homeowner agreed that a small portion of the fees awarded did fit under this language, he argued that most of the fees were incurred in defending his action against the homeowner's association and should not be allowed.

The Court of Appeals disagreed. Importantly to this case, we upheld the full award of fees to the defendant homeowner's association despite the attorney's fee provision being "both broad and vague." ***Id.*** at *10. But this vaguery was not sufficient to invalidate the trial court's award of fees, as the court was able to discern its meaning by considering the contract as a whole and the fact that the purpose of the plaintiff homeowner's lawsuit was to avoid paying the assessments. Because the defendant homeowner's association was required to defend and prevail in its defense of the homeowner's claims in order to prevail on its claim to collect on its assessments, we held that the covenants allowed the homeowner's association to recover its full fees. Thus, ***Parker*** indicates that an attorney's fees provision may be enforced even where broad and somewhat vague, when we are able to glean the parties' clear intent following the consideration of the rules of contract construction. *Cf.* ***Fisher v. Revell***, 343 S.W.3d 776, 781 (Tenn. Ct. App. 2009) ("A contract, however, is not ambiguous simply because it is unclear in parts.").

Following the lead of both ***Raines Brothers*** and ***Parker***, we turn to consider the rules of contract construction that are applicable in this case. These principles, however, support both parties' arguments in some respects. On the one hand, we are not permitted to re-write the parties' contract. *See* ***St. George Holdings LLC v. Hutcherson***, 632 S.W.3d 515, 526 (Tenn. Ct. App. 2020). And while some missing terms may be supplied by the court with reference to "the situation of the parties, the business to which it relates and its subject matter," ***Minor v. Minor***, 863 S.W.2d 51, 54 (Tenn. Ct. App. 1993), we generally have stricter standards when it comes to attorney's fees provisions. *See generally* ***Cracker Barrel***, 284 S.W.3d at 310 (noting that Tennessee courts have "adhered strictly to the

guiding principle[s] [of] the American rule"). As such, we have found no Tennessee law in which a court was permitted to supply missing terms under similar circumstances to uphold an attorney's fees provision. Still, we have also found no cases in which this Court has held that some uncertainty as to a fee-shifting provision was sufficient to invalidate such a provision when it clearly stated that it provided for "attorney's fees" to one party. *Cf. **Gatlinburg Roadhouse Invs., LLC v. Porter***, No. E2011-02743-COA-R3-CV, 2012 WL 6643809, at \*11 (Tenn. Ct. App. Dec. 20, 2012) (reversing the trial court's refusal to award the prevailing party attorney's fees under a clear provision in the contract when other parts of the contract were ambiguous).

Other principles of contract interpretation do, however, support Mr. Campbell's position. For one, the principles of contract interpretation "militate[] against interpreting a contract in a way that renders a provision superfluous." **Lovett v. Cole**, 584 S.W.3d 840, 861 (Tenn. Ct. App. 2019). Moreover, "[i]t is the duty of the courts to construe written contracts, if their meaning be in doubt, so as to give them effect rather than destroy them" **Thompson, Breeding, Dunn, Creswell & Sparks v. Bowlin**, 765 S.W.2d 743, 745 (Tenn. Ct. App. 1987) (quoting **Scott v. McReynolds**, 255 S.W.2d 401, 405 (Tenn. Ct. App. 1952)). Finally, we note that when a contract is ambiguous, it will be "construed against the drafter of the contract." **Kiser v. Wolfe**, 353 S.W.3d 741, 748 (Tenn. 2011) (citing **Allstate Ins. Co. v. Watson**, 195 S.W.3d 609, 612 (Tenn. 2006)).

In this case, we must conclude that the principles in Mr. Campbell's favor win out over the principles in Appellee's favor. Here, the parties' contract clearly intended to award not just costs, but also attorney's fees in certain situations. As such, the provision at issue clears the hurdle that causes a stumble in many attorney's fee requests. *See, e.g.*, **Cracker Barrel**, 284 S.W.3d at 310; **Kultura**, 923 S.W.2d at 537 (finding "any losses" not to specifically encompass attorney's fees); **Pinney**, 686 S.W.2d at 578. And because the contract clearly expresses an intention to award attorney's fees, to adopt Appellee's interpretation would be to destroy that intent. **Bowlin**, 765 S.W.2d at 745.

Of course, we agree that the provision at issue here is not overly detailed as to the specific circumstances under which attorney's fees should be allowed, as it is not defined within the fees provision or elsewhere in the seven-paragraph contract. Perhaps this lack renders the attorney's fee provision overly broad. **Parker**, 2019 WL 2482351, at \*10. But the only law cited by Appellee as support for its argument did not involve an overly broad attorney's fee provision, but a narrow one that did not encompass the specific circumstances at issue. *See* **Boiler Supply**, 1998 WL 684599, at \*4. And because the parties chose to include this provision as one of the only seven total paragraphs contained in the parties' contract, were we to invalidate it, we would be rendering superfluous a large portion of the parties' agreement. *See* **Lovett**, 584 S.W.3d at 861.

Moreover, we cannot conclude that the provision provides no guidance as to the circumstances under which attorney's fees may be awarded, as Appellee claims. Here, the

circumstances that are expressly required under the contract—that the customer be required to engage the services of an attorney in connection with the contract—have been met: Mr. Campbell hired an attorney to sue Appellee for breach of contract. If Appellee had intended to include more specific conditions on the grant of fees, he could have included it in this contract, but he did not.[4] Moreover, to hold that the inclusion of the term "where applicable" somehow injected insurmountable uncertainty into the contract is simply not reasonable, as it would destroy the parties' clear intent to provide for fee-shifting. *Bowlin*, 765 S.W.2d at 745. And as Appellee argues, "non-specificity is not a synonym for ambiguity." *Cf. Fisher*, 343 S.W.3d at 781 (holding that a contract is ambiguous only "when it is susceptible to two or more *reasonable* constructions") (emphasis added).

Additionally, to the extent that Appellee argues that the lack of a "prevailing party" condition on the award of fees creates too much uncertainty to be enforced, Appellee cites no law that states that such a condition is an absolute prerequisite to enforcement of an attorney's fees provision. Indeed, from our research, Tennessee law includes no such requirement. *See Package Exp. Ctr., Inc. v. Maund*, No. E2010-02187-COA-R3-CV, 2011 WL 3241891, at *3 (Tenn. Ct. App. July 29, 2011) (noting that a party was previously awarded attorney's fees under a fee-shifting provision that did not require it to be a prevailing party in litigation); *Tri-State Home Imp. v. Starks*, No. W2006-01556-COA-R3-CV, 2007 WL 1153119, at *5 (Tenn. Ct. App. Apr. 19, 2007) (enforcing a fee-shifting provision that is conditioned on default, rather than prevailing in a litigation); *Harris*, 74 S.W.3d at 361 (allowing attorney's fees to the prevailing party in the face of a provision not including such language). Still, to the extent that the American Rule should be interpreted as allowing an exception only that "attorney's fees may be recovered *by a prevailing party* when attorney's fees are provided for by statute or by contract between the parties," *Cookeville Gynecology & Obstetrics, P.C. v. Southeastern Data Sys., Inc.*, 884 S.W.2d 458, 463 (Tenn. Ct. App. 1994), that requirement is clearly met here where there can be no dispute that Mr. Campbell prevailed in his action to enforce the parties' contract against Appellee.

Furthermore, even if we were to conclude that the inclusion of the "where applicable" language and/or the failure to expressly condition fees on success created an ambiguity, we agree with Mr. Campbell that because Appellee drafted this contract, it should not benefit from the vagueries that it created. *Kiser*, 353 S.W.3d at 748. To be sure, Appellee has not argued that an attorney's fee provision of this type without any additional limitations is so broad as to be unconscionable. But even if unconscionability were an issue in this case, the doctrine generally only allows a party to be relieved of a contract that it did not draft. *See, e.g.*, *Philpot v. Tenn. Health Mgmt., Inc.*, 279 S.W.3d 573, 579 (Tenn. Ct. App. 2007) (holding that "substantive unconscionability [] refers to contract terms which are unreasonably favorable to *the other party*" (citing *Elliott v. Elliott*, No. 87-276-II, 1988 WL 34094, at *4 (Tenn. Ct. App. April 13, 1988) (emphasis added))). And as

---

[4] *See infra*, for additional discussion of this issue

Appellee emphasizes in support of its arguments, parties are generally not relieved of their obligations simply because they entered into unwise contracts. *See Vargo v. Lincoln Brass Works, Inc.*, 115 S.W.3d 487, 492 (Tenn. Ct. App. 2003) (holding that courts "will not relieve parties of their contractual obligations simply because these obligations later prove to be burdensome or unwise"). Here, Appellee desires to limit the award of attorney's fee in ways that it simply did not choose to include in this written contract, the result of which would be to eliminate the attorney's fee provision from the contract in its entirety. But according to the principles Appellee cites in its own brief, we may not rewrite the contract to excuse them from their obligations thereunder.

Here, we agree that the provision is not a model of clarity. But the express language provides for an award of attorney's fees to a customer that is required to retain the services of an attorney to enforce the contract. That is exactly what Mr. Campbell did in this case. The inclusion of the phrase "where applicable" does not alter or destroy this clear intention. Consequently, the trial court erred in denying Mr. Campbell's request for attorney's fees.[5]

## V. CONCLUSION

The judgment of the Williamson County Circuit Court is reversed. Attorney's fees are to be awarded to Appellant Kevin Campbell. The matter is remanded for determination of reasonable attorney's fees, and for all other proceedings as may be necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellee.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[5] Mr. Campbell does not ask for an award of attorney's fees incurred in this appeal in his appellate brief.